**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Roderick Sanford, ) | Civil Action No. 0:21-2552-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States of America (Warden ) | |
| Brian K. Dobbs), ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation (R & R) that Defendant's motion to dismiss be granted in part and denied without prejudice in part. (Dkt. No. 54.) For the reasons set forth below, the Court adopts the R & R as the order of the Court.

**I.    Background**

Plaintiff is a federal inmate proceeding *pro se* to bring one claim of negligence against "The United States (Warden Brian K. Dobbs)" for having "failed to use reasonable care when it neglected to protect plaintiff from contracting COVID-19." Plaintiff brings the claim "pursuant to . . . the Federal Tort Claims Act[.]" (Dkt. No. 1 at 1.) He alleges that, while incarcerated at FCI Williamsburg, the Bureau of Prisons ("BOP") had a duty to manage and regulate correctional institutions and provide protection; that the Attorney General issued an April 2020 memorandum instructing BOP directors to increase the use of home confinement at institutions most affected by Covid-19; that the Centers for Disease Control and Prevention ("CDC") issued 2019 findings that older adults and those with serious medical conditions might be at higher risk for illness from Covid-19 and specific protective measures should be implemented such as mask-wearing and social distancing; that he requested compassionate release/home confinement from

-1-

the Warden because it was impracticable to follow the preventative guidelines while in confinement with cell mates and little room; that the Warden abandoned the preventative guidelines by, inter alia, failing to test officers outside the facility and allowing inmates who tested positive into the facility or to pass meal trays; and that as a result of these failures, Plaintiff contracted Covid-19 and suffered respiratory complications and muscle pain. (Dkt. No. 1 at 3-6.) Plaintiff filed an administrative tort claim. In July 2021, the BOP denied the claim, notifying Plaintiff that an investigation into his claim for personal injury and negligence for failing to protect him from contracting Covid-19 revealed that FCI Williamsburg responded to the Covid-19 pandemic in accordance with national guidance and that his medical records, reflecting symptoms and quarantining for 5 days, do not support any injury. (Dkt. No. 1-1.)

Defendant moves to dismiss the complaint in its entirety under Rule 12(b)(1) for lack of subject matter jurisdiction. (Dkt. No. 22.) Plaintiff responded in opposition (Dkt. No. 31), Defendant replied (Dkt. No. 34), and Plaintiff filed a sur-reply (Dkt. No. 38). The Magistrate Judge recommends that Defendant's motion to dismiss be granted in part and denied without prejudice in part: dismiss portions of the claim based on prison officials' failure to follow statutory or CDC guidelines, and retain the portion of the claim based on their failure to follow BOP's own Covid-19 response plan. (Dkt. No. 54 at 8.) Plaintiff filed an objection. (Dkt. No. 70.)

## II. Legal Standard

### A. Review of the R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## B.     Motion to Dismiss Under Rule 12(b)(1)

Rule 12(b)(1) allows a defendant to move to dismiss the claim for lack of subject matter jurisdiction. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Article III limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[A]s such, there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). To determine whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (internal citation omitted). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (internal citation omitted). The plaintiff bears the burden of proof. *See Evans. v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

-3-

### III.     Discussion

Defendant moves to dismiss the negligence claim on the basis that it is barred by the discretionary function exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, 1346(b). The FTCA provides for a limited waiver of the United States' sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001) ("The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred.").

But the FTCA does not waive the United States' sovereign immunity for:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The purpose of this "discretionary function exception" is to protect the discretion of the executive branch to make policy judgments. *Blanco Ayala v. United States*, 982 F.3d 209, 214 (4th Cir. 2020); *see also Wood v. United States*, 845 F.3d 123, 128 (4th Cir. 2017) ("In short, the discretionary function exception is driven by separation of powers concerns, shielding decisions of a government entity made within the scope of any regulatory policy expressed in statute, regulation, or policy guidance, even when made negligently."). The burden

is on the plaintiff to establish that the discretionary function exception does not foreclose his claim. *See Blanco*, 982 F.3d at 214.

To determine whether the discretionary function exception forecloses a claim, the court must undertake a two-step inquiry. *See Sanders v. United States*, 937 F.3d 316, 328 (4th Cir. 2019). First, the court must determine whether the nature of the defendant's actions is discretionary; that is, whether the actions involve an element of judgment or choice. *See United States v. Gaubert*, 499 U.S. 315, 322 (1991). The action is not considered discretionary if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" because "the employee has no rightful option but to adhere to the directive." *Id*. Second, if the actions are discretionary, the court must then determine whether the defendant's decision was made based on considerations of public policy. *See Gaubert*, 499 U.S. at 322-23; *Berkovitz*, 486 U.S. at 536-37.

Here, Plaintiff alleges that he was injured by contracting Covid-19 as a result of prison officials' negligent failure to follow certain statutes, CDC guidelines and BOP Covid-19 procedures. First, regarding the statutes, 18 U.S.C. § 4042(a) provides the BOP's general duty to manage and safekeep facilities, but the BOP "retains discretion regarding the implementation" or the "broad directives in § 4042(a). *Rich v. United States*, 811 F.3d 140, 145 (4th Cir. 2015). Legislation concerning an inmate's reduced sentence or in home confinement (such as § 3582(c), § 3624(c), and the CARES Act) similarly leave that decision to the BOP's discretion upon initial application from the inmate. *See, e.g.*, § 3582(c)(2) ("The authority under this subsection may be used to place a prisoner in home confinement); *McCarson v. Reherman*, No. 2:20-cv-1386-HMH-MGB, 2020 WL 2110770 (D.S.C. May 4, 2020) (noting that the "CARES Act affords the BOP broad discretion during the COVID-19 pandemic"). The discretionary function exception

to the FTCA therefore applies to Plaintiff's claim as it relates to prison officials' failure to adhere to statutory authority.  Second, regarding the CDC's 2019 statements on measures such as social distancing, mask wearing and quarantining, because the agency's guidelines are advisory and do not mandate any particular conduct by the BOP, prison officials may in their discretion not adopt them as BOP policy.  Therefore, Plaintiff's claim as it relates to failure to follow the CDC guidelines is barred by the discretionary function exception to the FTCA.  The Court has conducted a *de novo* review in light of Plaintiff's objection to the R & R (Dkt. No. 70) and finds that the Magistrate Judge's recommendation to dismiss as to statutory and CDC guidance is appropriate.

Last, regarding the BOP's own Covid-19 response plan, the parties contest whether it is a discretionary guideline or mandatory procedure.  The record before the Magistrate Judge did not include a BOP Covid-19 plan, and therefore the Magistrate Judge recommended that the Defendant's motion to dismiss be denied without prejudice as to this aspect of the claim in light of the contested facts.  In his objection to the R & R, Plaintiff provides several relevant documents.  First, a June 30, 2020 BOP "Coronavirus (Covid-19) Phase Eight Action Plan." (Dkt. No. 70-2 at 29.)  The Plan discusses inmate intake, movement, court visits, and other conduct.  Second, an August 5, 2020 BOP "Coronavirus (Covid-19) Phase Nine Action Plan." (Dkt. No. 70-2 at 37.)  It addresses the same topics as Phase Eight plus inmate travel, legal access and programming.  Last, a November 25, 2020 "BOP Modified Operations" that addresses conduct such as social visiting, tours, staff training, and contractors. (Dkt. No. 70-2 at 49.)  On the Court's initial review of these documents, it remains contested whether the BOP implement mandatory or discretionary protocol.  At this stage in the proceeding, the Court finds that a more robust record of fact is warranted in order to determine whether the FTCA's

discretionary function exception may apply to FCI Williamsburg officials' alleged failure to follow or implement these or other BOP Covid-19 response plans. As a result, the Court denies without prejudice Defendant's motion to dismiss Plaintiff's negligence claim as it relates to BOP Covid-19 response plans. The Court, therefore, adopts the Magistrate Judge's recommendation to deny without prejudice Defendant's motion on this issue, but for a different reason than stated in the recommendation.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 54) as the order of the Court. Defendant's motion to dismiss (Dkt. No. 22) is **granted in part and denied without prejudice in part**. The portions of Plaintiff's negligence claim relating to prison officials' failure to follow statutory and CDC guidelines are dismissed. The portion of Plaintiff's negligence claim relating to prison officials' failure to follow BOP Covid-19 response plans survives. Discovery and summary judgment will be limited to the claim of negligence relating to failure to follow BOP Covid-19 response plans. This matter is referred back to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 25, 2022
Charleston, South Carolina