IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Roderick Sanford,<br><br>   Plaintiff,<br> v.<br><br>United States of America,<br><br>   Defendant. | Case No. 0:21-cv-02552-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Government's motion to dismiss be granted and that the case be dismissed for lack of subject matter jurisdiction. (Dkt. No. 97). Plaintiff has objected to the R & R. (Dkt. No. 100). For the reasons set forth below, the Court adopts the R & R as the order of the Court.

**I. Background**

Plaintiff, currently a detainee at FCI Williamsburg in Salters, South Carolina, brings this negligence action against the Government pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, 1346(b). Specifically, Plaintiff raises negligence claims against the Federal Bureau of Prison ("BOP") for failing to protect Plaintiff from COVID-19 by refusing to adhere to various statutes, regulations, and policies. The Court previously dismissed Plaintiff negligence claims that were based on the Government's failure to comply with statutes related to the BOP's general duty to care for inmates. (Dkt. No. 72). Plaintiff's claims that the BOP was negligent for failing to adhere to its own policies and procedures remained. (*Id.* at 7).

The parties filed cross motions for summary judgment on the narrow issue of whether the discretionary function exception of the FTCA bars Plaintiff's remaining claims. (Dkt. Nos. 83 & 85). The motions were fully briefed. (Dkt. Nos. 92 & 94). In accordance with 28 U.S.C. § 636(b)

and Local Civil Rule 73.02(B)(2)(d) DSC, the summary judgment motions were referred to the United States Magistrate Judge. Addressing the cross motions for summary judgment, the Magistrate Judge issued an R & R recommending Plaintiff's motion be denied and the Government's motion be granted. (Dkt. No 97). The Magistrate Judge found that the discretionary function exception of the FTCA does bar Plaintiff's remaining claims and recommends dismissing Plaintiff's case for lack of subject matter jurisdiction. (*Id.* at 6-8). Plaintiff objected to the R & R. (Dkt. No. 100). The matter is now ripe for the Court's review.

II. **Standard**

　A. **Review of the R & R**

The Magistrate Judge makes only a recommendation this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. In the absence of specific objections, the Court reviews the R & R only for clear error, s*ee Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and is not required to give an explanation for adopting the recommendation, *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

　B. **Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those

facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, not does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

**III.    Discussion**

The FTCA waives sovereign immunity for most torts committed by government employees, within the scope of his or her employment and subject to several statutory exceptions. 28 U.S.C. § 1346(b)(1). The statute permits the Untied States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred. 28 U.S.C. § 1346(b); *Harris v. United States*, 718 F.3d 654, 656 (4th Cir. 1983).

The most important exception to the waiver of sovereign immunity is the discretionary function exception. *McMellon v. United States*, 387 F.3d 329, 335 (4th Cir. 2004). Under this exception, the United States is not liable for "[a]ny claim . . . based upon the existence or performance or the failure to exercise or perform a discretionary function or duty on the part of

the federal agency or an employee of the Government." 28 U.S.C. § 2680(a). The Discretionary function exception preserves sovereign immunity even if the Government was negligent. *Blakey v. U.S.S. Iowa*, 991 F.2d 148, 152 (4th Cir. 1993), and even if the government employee abused his or her discretion. 28 U.S.C. § 2680(a). If the discretionary function applies, then the claim is outside the limited waiver of immunity created by the FTCA and the district court is without subject matter to adjudicate it. *Medina v. United States*, 259 F.3d 220, 223-24 (4th Cir. 2001). The Plaintiff has the burden of showing the FTCA waiver of immunity applies and that the statutory exceptions do not apply. *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). The FTCA's limited waiver of sovereign immunity and its exceptions must be strictly construed in favor of the sovereign. *Id.* at 650-51; *Lane v. Pena*, 518 U.S. 187, 192 (1996).

There is a two-part test to determine whether the discretionary function exception applies. *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988); *United States v. Gaubert*, 499 U.S. 315, 322 (1991). First, the negligent act or failure to act must not have been subject to statute, regulation, or policy that prescribed a specific course of action for the government employee to follow. *Gaubert*, 499 U.S. at 322; *Berkovitz*, 486 U.S. at 536. Second, if the employee had discretion because no statute, regulation, or policy required a particular action, then the employee's conduct must be susceptible to an analysis involving social, economic, or political policy considerations. *Gaubert*, 499 U.S. at 322-23. The employee need not have conducted a policy analysis in connection with the challenged action or inaction for the exception to apply. *Gaubert*, 499 U.S. at 325. The court must analyze the conduct at issue objectively, with an inquiry as to whether the employee's decision is one where the court would expect inherent considerations of policy, rather than a subjective fact-based focus on the circumstances surrounding the employees' exercise of a particular discretionary function. *Baum v. United States*, 986 F.2d 716, 720-21 (4th Cir. 1993).

When the employee is acting pursuant to a discretionary statute, regulation, or guideline, there is a strong presumption that the employee's conduct is grounded in the policies underlying that provision. *Gaubert*, 499 U.S. at 324; *Bernaldes v. United States*, 81 F.3d 428, 429 (4th Cir. 1996).

The Magistrate Judge correctly determined that the discretionary function exception applies to Plaintiff's claims. The Magistrate Judge correctly noted that the evidence regarding the BOP's COVID-19 policies does not suggest there was a mandatory course of action to be followed. And Plaintiff does not provide or point to any additional information in his objection. Thus, Plaintiff's negligence claim based on the BOP's alleged failure to follow its own COVID-10 protocols is barred by the discretionary function exception.

IV.   **Conclusion**

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 97). The Government's motion for summary judgment is **GRANTED**, and Defendant's motion for summary judgment is **DENIED**. Plaintiff's claims are dismissed for lack of subject matter jurisdiction.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 2, 2022
Charleston, South Carolina